HIRAM WALKER & SONS v. HOCKSTAEDER et al.

(Circuit Court, N. D. Illinois, N. D. February 15, 1898.)

TRADE-MARKS—INFRINGEMENT—WHISKY BOTTLE LABELS.

A label on whisky bottles which in size, shape, and color is an evident imitation of the label on a well-known brand of whisky, and which differs from it merely in some details of the inscriptions on the label, is a fraud, the use of which will be enjoined.

Suit by Hiram Walker & Sons, a corporation, against the firm of Hockstaeder & Levy, for an injunction.

Banning & Banning, for complainant.
Zack Hofheimer, for defendants.

GROSSCUP, District Judge (orally). This is a bill by the complainant, a corporation organized under the laws of the province of Ontario, Canada, to restrain the defendants, citizens of Illinois, from using the trade-marks, brands, and labels of the complainant's whisky, known as "Canadian Club Whisky." It is conceded that the Canadian Club Whisky, manufactured by the complainant, has acquired a widespread reputation, and is favorably known to the trade. It is conceded that the defendants themselves do not manufacture whisky, but only manufacture bottles and furnish labels, the bottles to be filled with any character of whisky that the purchaser sees fit to put into them. The bottles of the complainant start at the top with a bronze band, upon which are the words "Canadian Club Whisky." This is immediately succeeded underneath with a neck band, upon which appear the figures "1890," and in red ink upon these figures the words "H. Walker & Sons." Around the face of the bottle the complainant attaches a white label, upon which, in script, prominently appear the words "Canadian Club Whisky. Distilled and Bottled by Hiram Walker & Sons, Limited. Walkerville, Ontario, Canada." Near the center of this label is a crown, in green ink. Across the top of the bottle is a label or slip attached by the excise officers of the Canadian government, and bearing the genuine government stamp. The defendants attach a like capsule, precisely like it in color, but containing the words "Canadian Rye Whisky" instead of the words "Canadian Club Whisky," the letters in each case being about the same reddish color. Beneath this capsule the defendants enable their purchasers to attach a neck band, which in all essential particulars is precisely like the complainant's band, except that the lettering is in black instead of red, and the words "H. S. Ramsay & Sons" instead of the complainant's name, and that the figures are in red instead of in dark blue. The defendants' label on the face of the body of the bottle is likewise upon a white piece of paper, upon which is printed, in script, "Canadian Rye Whisky, Distilled and Bottled by H. S. Ramsay & Sons, London, Ontario, Canada." On the face of this label, near the center, is a green crown. The defendants have likewise printed on the face of this label the language used on the complainant's label, namely, "Matured in Cask in Warehouses, Which are Warmed During the

Cold Season, and Bottled by the Distillers in Bond, under Government Supervision, as Certified by an Official Stamp over the Capsule of Every Bottle," except that the words "His Personal Supervision" are used by the defendants instead of the words "Government Supervision," as used by the complainant. The defendants likewise furnish a slip similar to the excise stamp, and its coloring is almost the same. This slip is, like the excise stamp, placed across the top of the bottle.

It is perfectly apparent from an inspection of both these devices, as well as from the external appearance of the devices used by the defendants, that their purpose is to deceive the public. There is no use for the government stamp except to make the defendants' bottle look like the complainant's bottle. There is no use for the statement on the face of the label that the whisky in the bottle has been matured in cask in warehouses which are warmed during the cold season, except to make the defendants' label look like the complainant's label. The whole arrangement, as well as the printing, is devised with a view of making the defendants' bottles so nearly like the complainant's bottles that the ordinary purchaser will be deceived. That the defendants resort to such fraudulent ways of getting an advantage of the complainant's advertising is the best evidence that could be brought to the attention of the court that it pays them to do so; and, if it pays them to do so, it must necessarily in the same way injure the complainant. It may be true that the purchasers of these liquors in large quantities, or that the individual purchaser at the bar, may not be easily deceived, although I think the casual purchaser would be deceived. It may not be true that the complainant loses many sales by reason of such deceit. But it can be plainly seen that if the defendants' goods were widespread upon the market, bearing such a similitude of label as to create the general impression that they were the genuine Canadian Club Whisky, the complainant would, in the end, suffer.

It seems to me that this case falls very clearly within the cases decided in this circuit, and an injunction may be issued, restraining the defendants from using the labels that are exhibited here in the record, or any of their capsules, brands, or labels bearing similitude to the complainant's capsules, brands, or labels. You may follow, in that respect, Mr. Banning, the decree in the Pillsbury Case, 82 Fed. 816.